Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 1 C 1025 | **DATE** | 5/16/2001 |
| **CASE TITLE** | Infinite Technology, Inc. vs. Rockwell Electronic Commerce | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: We grant defendant's motion to dismiss [3-1] for lack of venue, terminating the case.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 17 2001 date docketed | |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | MAY 17 2001 date mailed notice | |
| TSA | courtroom deputy's initials | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

FILED FOR DOCKETING
01 MAY 16 PM 2:10

Document Number: 10

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| INFINITE TECHNOLOGY, INC. | ) |
| | ) |
| Plantiff, | ) |
| | ) |
| v. | ) No. 01 C 1025 |
| | ) |
| ROCKWELL ELECTRONIC | ) Honorable Wayne R. Andersen |
| COMMERCE CORPORATION, a | ) |
| Delaware corporation | ) |
| | ) |
| Defendant. | ) |

DOCKETED

MAY 17 2001

## MEMORANDUM, OPINION AND ORDER

This case involves a contractual dispute between two commercial entities. Plaintiff, Infinite Technology, Inc., a North Carolina corporation ("ITI"), has sued defendant. Rockwell Electronic Commerce Corporation, a Delaware corporation ("RECC"), for an alleged breach of a software development contract and alleged breach of an oral contract for legal services. RECC has moved to dismiss the case for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). At issue is the interpretation of the parties' forum selection clause in their agreement. For the reasons stated below, we grant RECC's motion to dismiss.

The facts surrounding this venue dispute are as follows. The parties entered into an agreement whereby ITI agreed to perform certain software development services for RECC. Section 13.2.3 of that agreement contains a forum selection clause which reads as follows:

> All disputes and controversies arising out of or related to this Contract, or the breach thereof, not settled pursuant to Sections 12.2.1. and 12.2.2. [sic], shall be settled by the courts of DuPage County, State of Illinois, and judgment on the award shall be final, conclusive and binding.



In a nutshell, ITI maintains that this language includes the federal courts, including this one. RECC argues that the agreement limits venue to the Circuit Court of DuPage County.

It is well-settled that contractual forum selection clauses are prima facie valid, M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1977), and that interpretation of such a clause is a matter of federal law. Vijuk Equip. Corp. v. Guk-Falzmaschinen Greisser & Kunzmann, GmbH & Co., 902 F. Supp. 162, 163-64 (N.D. Ill. 1995). Further, we will honor the parties' choice of venue absent some compelling reason to the contrary. Bremen, 407 U.S. at 12. We also bear in mind that when construing a contract, every provision should be given effect and the words should be read with their ordinary meaning. Trader, Inc. v. Hernola Commodities, Inc., 766 F.2d 1007, 1014 (7th Cir. 1985).

ITI's position is that the phrase "courts of DuPage County" is a geographic limitation on venue, not one involving sovereignty. It bases this conclusion in large part on other language in the agreement in which "ITI agrees and submits to the personal jurisdiction of the state and federal courts located in Illinois." (Agreement § 13.2.3). According to ITI, this phrase would have no meaning unless the court interprets "courts of DuPage County" to include this court. Not so. In fact, we can think of circumstances in which submission to personal jurisdiction of the federal court would still have meaning under RECC's more restrictive interpretation of the agreement. For example, it is possible that one of the parties might have a uniquely federal cause of action against the other involving their relationship which it could not, as a matter of statute, bring in state court. Further, if a third party, diverse from either party here, sued one of the parties and it joined the third, a federal action might lie. Finally, as RECC points out, the inclusion of the language which consents to personal jurisdiction in the federal courts is indeed

2

surplusage because the issue of personal jurisdiction in a diversity action is resolved by analyzing whether the state court in the forum could exercise such jurisdiction. Merrill Lynch v. Gray Supply Co., Nos. 91 C 1449, 91 C 1554, 1991 WL 83832 at *3 (N.D. Ill, May 8, 1991).

However, we cannot imagine how we could expand the language of the agreement to include federal court and still give meaning to the phrase that the agreement shall be interpreted " "according to the substantive and procedural laws and rules of the State of Illinois regardless of the laws that might otherwise govern under the applicable Illinois principles of conflicts of law" (Agreement § 13.2.3.). It is well-settled that a federal court sitting in diversity applies its own procedural rules and not those of the forum state court.

We agree with RECC that the cases that ITI's cites in support of its argument are inapposite because these cases involve contractual clauses with language that is different and more permissive in scope than that contained in the venue provision here. See., e.g., Autoridad De Energia De Puerto Rico v. Ericsson, Inc., 201 F.3d 15, 18 (1st Cir. 2000) (language in which parties agree to submit to the jurisdiction of the courts of Puerto Rico not limited to jurisdiction of state court); Johnson v. Northern States Power Co., No. Civ. A., 99-2394-GTV, 2000 WL 1683658 at *1-3 (D. Kan. Nov. 2, 2000) (use of the word "appropriate" with reference to the courts of the State of Minnesota" would include federal court); Thomas v. Nat'l Canada Fin. Co., No. 94-C-4136, 1995 WL 54479, at *2 (N.D. Ill. Feb. 7, 1995) ( "any court of competent jurisdiction" includes federal courts); Newman/Haas Rracing v. Unelko Corp.. 813 F. Supp. 1345, 1347-48 (N.D. Ill. 1993)(a forum selection clause consenting to venue and the jurisdiction of the state and federal courts obviously was not limited to state court).

In this case, the contract mandates that the case shall be brought in the courts of DuPage County. We think that interpreting this clause to include the federal court (located in Cook County) would be a strained interpretation. See, e.g., Intermountain Sys., Inc. v. Edsall Construction Co., 575 F.Supp. 1195, 1197-98 (D. Col. 1983) (interpreting a forum selection clause which mandated venue in Adams County to include the federal district court for Colorado "would be a severe catachresis.") Therefore, we decline to interpret the agreement to extend the venue to this court.

In conclusion, we grant RECC's motion to dismiss for lack of venue, terminating the case.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: May 16, 2001